Page 1 of 6

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MARCIA THOMAS,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　**Case No. 4:24cv380-MW-MAF**

**LEON COUNTY SHERIFF'S**
**OFFICE, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

    Multiple Orders have been entered in this case, providing pro se Plaintiff Marcia Thomas with opportunities to file a viable complaint. ECF Nos. 4, 6, 8, 12, and 14. Before the Court is Plaintiff's third amended complaint, ECF No. 15, which has been reviewed.

    First, Plaintiff seeks to name a multitude of Defendants in this case. Her third amended complaint is not clear in identifying all Defendants. Although Plaintiff lists 30 Defendants, *see*, ECF No. 15 at 2-3, many of those listed include multiple additional persons. For example, Defendant #29 is listed as the "Florida Department of Environmental Protection

(including Zachariah Shely and others)." *Id.* at 3.  That suggests that other unnamed persons are intended to be Defendants.  Furthermore, Plaintiff's Defendant #24 is the "State's Attorney's Office (including Jack Campbell, E. Evans, Mark Lewis, Jim Anderson, Jason Newlin, and Britney Adams)." *Id.*  The complete number of Defendants in this case is unknown, despite Orders which required Plaintiff to clearly identify all persons who were intended to be Defendants in this case.  *See* ECF No. 14 at 2.  Plaintiff was specifically informed that "[a]ll Defendants must be listed in the complaint," but she has not clearly done so.

Second, Plaintiff's third amended complaint is also deficient because it spans time periods from 2019 through 2024, and attempts to litigate numerous separate and distinct incidents in this one case.  ECF No. 15 at 7-17.  Plaintiff was previously informed that she cannot litigate multiple, unrelated claims and events in this case.  ECF No. 8.  Rule 18 permits a party to "join, as independent or alternative claims, as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  However, Plaintiff cannot bring separate and discrete claims against multiple Defendants in one case; all events and Defendants must be related.

As explained previously, Federal Rule of Civil Procedure 20 permits a party to file one case to seek relief against multiple persons as Defendants. But to do so, the claims must: (A) arise "out of the same transaction, occurrence, or series of transactions or occurrences; and" (B) have a "question of law or fact common to all defendants . . . in the action." Fed. R. Civ. P. 20(a)(2). Plaintiff's third amended complaint does not provide factual allegations which demonstrate a basis to join these separate claims together in one case. Her allegations are random, non-sequential, and vague. *See, e.g.,* ECF No. 15 at 21. Plaintiff's events do not arise out of one incident or event, nor do the myriad of events involve common questions of fact or law such that they may be combined. Plaintiff variously complains of assault, misconduct, failure to investigate, fraud, collusion, falsified reports, electronic harassment, and cover-ups. *Id.* at 19-23. Because Plaintiff's various claims against the multitude of Defendants are not related, the third amended complaint cannot proceed.

Moreover, to the degree Plaintiff contends that many of the Defendants have failed to adequately investigate her complaints, that is not a sufficient basis for a claim. There is no constitutionally protected right or interest for law enforcement to conduct a more complete investigation of

her complaints.  Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir. 2002) (arrestee "has no substantive right of any kind to an investigation of her excessive force complaint").

Plaintiff's third amended complaint also continues to include fanciful sci-fi allegations of injecting her with "nanosensor" and "medical nanotechnology" devices.  ECF No. 15 at 19, 23.  Such allegations are insufficient to proceed as they are removed from reality and based on fiction, not fact.

When Plaintiff was provided the opportunity to submit a third amended complaint, she was informed that she would be given "one final opportunity in which to submit a proper complaint in compliance with" Court Orders.  ECF No. 14.  Her third amended complaint is an impermissible "shotgun pleading" which the Eleventh Circuit has consistently condemned. "Rule 8(a)(2) requires a complaint to include 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015).  A complaint must present a claim succinctly such that a defendant can discern the basis for the plaintiff's claim and "frame a responsive pleading." Weiland, 792 F.3d at 1320 (citation omitted).  Plaintiff's third amended

complaint does not do so.  Instead, it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."  <u>Weiland v. Palm Beach Cty. Sheriff's Off.</u>, 792 F.3d 1313, 1322 (11th Cir. 2015).  It also meets the definition of a "shotgun pleading" because it asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  <u>Weiland</u>, 792 F.3d at 1323.  In other words, Plaintiff's third amended complaint fails to give the Defendants "adequate notice of the claims against them and the grounds upon which each claim rests."  *Id.*

Plaintiff has had sufficient opportunities to present a viable claim.  No further opportunities should be given.  This case should now be dismissed.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's third amended complaint, ECF No. 15, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**IN CHAMBERS** at Tallahassee, Florida, on December 17, 2024.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**